| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | PJH 9510<br>Tax ID No. 11 3178696 |

In re:

ELLIOT GOLDBERG, and
NINA GOLDBERG,

    Debtor.

Bankr. Case No.: 11-70428-REG

Chapter 7

---

ELLIOT GOLDBERG, and
NINA GOLDBERG,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF EDUCATION,
SALLIE MAE, and
GREAT LAKES, INC.,

    Defendants.

Adv. Proc. No.: 11-09272

**PLAINTIFFS ANSWERS TO
SALLIE MAE, INC.'S
<u>FIRST SET OF INTERROGATORIES</u>**

---

### <u>INTERROGATORIES</u>

<u>INTERROGATORY NO. 1</u>: Are you willing to negotiate the terms of your debt to Sallie Mae in order to repay some or all of your debt to Sallie Mae? If not, explain all the reasons why not.

RESPONSE:

Plaintiffs are willing to negotiate the debt.

# EXHIBIT C

INTERROGATORY NO. 2: For each Plaintiff, state the year, make, model, VIN number and odometer reading of all vehicles you have access to and/or own, identify all owners of these vehicles, as well as, the debt owed on each vehicle, monthly payments due, and why these expenses are necessary for you to maintain a "minimal" standard of living.

RESPONSE:

The Plaintiffs require the use of automobiles because they need to travel to and from work and medical appointments and they do not live in a place where there is public transportation accessible to get them to and from work.

There is a 2001 Jeep Grand Cherokee with 80,000 miles, a 2000 Chrysler Concorde with 55,000 miles in the name of Mr. and Mrs. Goldberg. There is a 1999 Chrysler Seabring with 120,000 miles which is in the name of Elliot Goldberg but it is driven by Stuart Goldberg.

INTERROGATORY NO. 3: For each Plaintiff, identify any license you have obtained or held in the last ten (10) years (even if no longer valid) that permits you to engage in a specific occupation or profession.

RESPONSE:

No such licenses are held by either Plaintiff.

INTERROGATORY NO. 4: For each Plaintiff, identify all education you attended after high school, by name of school, degree obtained and date of degree obtained. If you have not yet completed a degree for which you took classes, state when you expect to complete your degree, how many credits you have completed, how many credits remain necessary to complete your

degree, and your primary major, course of study, or degree program (i.e. what field is, or will, your degree be in).

RESPONSE:

Plaintiff Nina Goldberg attended Brooklyn College and received a degree in elementary education from 1969 to 1974.

Plaintiff Elliot Goldberg attended New York University and received a degree in Aeronautical Engineering. He received his degree in 1969. He received Maters in Industrial Engineering in 1971.

INTERROGATORY NO. 5: Identify and describe any claims you, or anyone in your household may have, even if you believe any such claims are uncertain or doubtful, for damages or any other recovery, against any entity, arising from any injury to you or anyone in your household, breach of contract, or any other claim against any person or entity, whatsoever.

RESPONSE:

Plaintiff Nina Goldberg is the named Plaintiff in a class action lawsuit against Bayer Aspirin. The value of the claim is unknown and believed to be negligible. Said suit is pending in the Federal Court for the Eastern District of New York.

Nina Goldberg purchased Bayer Aspirin Heart Healthy aspirin for 1-2 dollars more than regular Bayer Aspirin and it was not certified to provide any health benefits.

INTERROGATORY NO. 6: For each Plaintiff, state your total annual income for each of the last ten (10) years, and describe all sources of such income.

RESPONSE:

INTERROGATORY NO. 7: For each Plaintiff, for each job that you have held in the last ten (10) years, including your current job and any self-employment, provide the following information:

   a) State the dates you worked for your employer.
   b) Identify your employer by name, address and telephone number.
   c) Describe your position and the duties you performed for your employer.
   d) State how your wages are calculated (e.g., hourly, monthly, commission) together with your hourly rate or total monthly salary.
   e) State the number of hours per week you worked and the average number of overtime hours per week you worked.
   f) State your gross monthly income and net monthly income and identify each deduction made from your gross income.
   g) State the reason for termination.

RESPONSE:

Nina Goldberg has worked as a paralegal with Brand, Glick and Brand for the last 15 years. She works 40 hours per week. Her last paystub is attached evidencing her gross pay, deductions and take home pay.

Elliot Goldberg is presently employed by Witars and started working for them in 2008 under a contract with One Stop Solution. He earns approximately 85,000 per year.

Prior that that employment he was employed by Witars with a contract with Parker, Waichman and Alonso as a computer technology development engineer. He was employed in this position from 2007-2008. He earned 75,000.00.

He was unemployed from May 2006 to the fall of 2007 and had no income.

From 2001 to 2006 Elliot Goldberg was working for MedTel and was earning $125,000 plus bonuses. He was downsized when the company laid off his entire department.

INTERROGATORY NO. 8: Describe specifically any physical or mental disability, illness or injury that you, or anyone in your household, suffers from, when and how such disability, illness or injury developed or was diagnosed, and any treatment you are undergoing, or plan to undergo, for such physical or mental disability, illness or injury.

RESPONSE:

Elliot Goldberg is diagnosed with spinal injuries in his cervical spine and has been treated by the Veteran's Administration Hospital since 1987. He is also treated and diagnosed with injuries to his neck and should which are soft tissue. He receives physical therapy twice per week. Additionally, he is diagnosed with Major Depressive Disorder and takes medication for said illness. He is also diagnosed with cardiac disease and has been hospitalized twice in the last twelve months for syncope related episodes. He takes medication for the condition. He suffers from diabetes and takes medication for said illness.

Nina Goldberg is diagnosed with hypertension for which she takes medication and with Major Depression and Anxiety Disorder, for which she treats with a psychiatrist and takes medication.

INTERROGATORY NO. 9: Identify all medical professionals who you have consulted and/or been treated by, with respect to any disabling physical or mental illness or injury you suffer from, the dates of such consultation and/or treatment, and all diagnoses and/or prognoses given.
RESPONSE:
Elliot Goldberg is treated at the Veteran's Administration Hospital in Northport, NY . Additionally, he is treated by cardiologist Francis Sclofmitz of St. Francis Hospital, by chiropractor Charles Giersberg, and by Internist Michael Levine, MD.

Nina Goldberg is treated by Internist Michael Levine and by psychiatrist Natalia Ogievetsky.

INTERROGATORY NO. 10: Explain and describe your living accommodations, including the street address, who owns the property, the property owner's relationship to you, under what right you occupy the property (i.e. rent, own, occupy for free, etc.), square footage of the property, number and description of each room of the property, size of the lot, and any contractual obligation you have to pay rent or mortgage payments.
RESPONSE:

Nina and Elliot Goldberg have lost their home as a result of foreclosure. They currently rent a condominim unit which is 1400 square feet. They are contracted to pay monthly rent in the amount of $2900 for the unit. There is no lot. It is 3 bedrooms and 2 baths.

INTERROGATORY NO. 11: Do you receive income or financial support from any source not listed in your bankruptcy schedules? If so, state the source(s) of all such income or financial support and the monthly amount(s) of all such income or financial support.

RESPONSE:

No such support is received.

INTERROGATORY NO. 12: For each Plaintiff, do you contribute to a ERISA, IRA, 401(k), etc. retirement account? If so, state the amount of all monthly contributions.

RESPONSE:

There are no monthly contributions. There were contributions made by Nina Goldberg at a time when it was mandatory by her employers.

INTERROGATORY NO. 13: For each Plaintiff, if you are currently unemployed, explain why you are currently unemployed, including, specifically why you were terminated or laid-off from your last job, when you expect to obtain new employment, and what employment and/or position you expect to obtain.

RESPONSE:

Both plaintiffs are presently employed.

INTERROGATORY NO. 14: For each Plaintiff, describe specifically all businesses in which you have any ownership interest in, including *Witars Ltd*. Include the location from which the business(es) operate, the day to day operations of each business, the amount of monthly income earned, the amount of monthly expenses incurred, and any property and/or assets owned by or related to each business.

RESPONSE:

The only business which the Plaintiffs have any interest is Witars. Witars has no proprietry assets. It is merely an LLC from which Elliot Goldberg is able to generate invoices to his employers for work as a consultant.

INTERROGATORY NO. 15: Plaintiff, Elliot Goldberg, state the dates and amounts of all payments you have made toward the Sallie Mae loan you so-signed for Lauren A. Goldberg.

RESPONSE:

INTERROGATORY NO. 16: For each Plaintiff, itemize all your current net monthly income, including your gross monthly income and all deductions from your gross income and explain any expected increase or decrease in your monthly income over the next year.

RESPONSE:

Please see the Plaintiff's Bankruptcy Schedule I.

The Plaintiffs do not expect a change in their income in the next year.

INTERROGATORY NO. 17: State the age and relationship to you of each dependent you are responsible for, and if you are responsible for any individual over the age of 18, explain all the reasons why expenses related to any individual over the age of 18 are necessary for you to maintain a minimal standard of living.

RESPONSE:

The Plaintiffs have supported their 23 year old son Stuart until he recently turned 23 years old. He is a full-time student.

INTERROGATORY NO. 18: For Plaintiff, Elliot Goldberg, describe your efforts, within the last twelve (12) months, to obtain any employment at the highest salary possible, including a description of all positions you have applied for and how you made all such applications.

RESPONSE:

Nina Goldberg presently works at her maximum capacity and has made no attempts to secure additional employment.

Elliot Goldberg has applied for more than 100 positions in the last 12 months in attempts to secure higher salary.

INTERROGATORY NO. 19: For each Plaintiff, describe your future employment goals and prospects, as you believe them to be, including employment positions you believe you are, or will be, qualified for, and approximate anticipated monthly earning capacity (i.e. what will you do, and how much will you earn each month).

RESPONSE:

Nina Goldberg is presently believed to be working at her maximum capacity.

Elliot Goldberg is presently working but he is over 65, in poor health and it is believed that his health is deteriorating. It is expected that his future employment options will be further limited due to his physical condition.

INTERROGATORY NO. 20: For each Plaintiff, state the amount of all federal and state tax refunds which you have received within the last twelve (12) months, and/or expect to receive in the next twelve (12) months, and state how you disposed of your last tax refund.

RESPONSE:

The Plaintiffs have received no refunds in the last 12 months. They owe taxes and are under a payment plan with the IRS.

INTERROGATORY NO. 21: Itemize all your monthly household expenses including your current housing expenses and identify which expenses, if any, will be reduced or paid in full over the next twelve (12) months and the date of the expected reduction or payment in full.

RESPONSE:

Please see Schedule J of the Plaintiff's bankruptcy petition.

There is no chance in expenses expected in the next twelve months.

INTERROGATORY NO. 22: Describe all federal, state, local, charitable and other financial assistance you, or anyone in your household, receives, or is eligible to receive, to assist with payment of living and/or medical expenses for yourself and any dependents.

RESPONSE:

Elliot Goldberg is eligible for medical care from the Veteran's Administration and he utilitzes those services on a regular basis.

INTERROGATORY NO. 23: If any person, other than yourself, who lives in your household, earns an income, identify the name, age and annual income of such person, source of all income and the amount, if any, such person pays for rent to you or to others, or contributes to the payment of household expenses.

RESPONSE:

No such person exists.

INTERROGATORY NO. 24: For Plaintiff, Elliot Goldberg, describe all your efforts to repay to loan you co-signed for Lauren A. Goldberg prior to filing this adversary proceeding.

RESPONSE:

Elliot Goldberg made attempts to keep up with monthly payments as they were due and at times requested forebearances. He made payments as he was able to despite unemployment, illness and changes in his variable mortgage rate which forced him into foreclosure.

INTERROGATORY NO. 25: For each Plaintiff, identify all interests you currently have, as owner, partial owner, trustee, or otherwise, in any accounts receivable, shares of stock, certificates of deposit, pension plans, IRAs, 401(k)s, or any other asset having a value in excess of $500.00, acquired either before or after you filed your bankruptcy petition, whether or not such asset(s) were disclosed in your bankruptcy schedules.

RESPONSE:

All such interests were disclosed on the Plaintiff's bankruptcy petition.

_____
Signature of Plaintiff, Elliot Goldberg

Print Name: _Elliot Goldberg_

_____
Signature of Plaintiff, Nina Goldberg

Print Name: _Nina Goldberg_

Respectfully requested,

By:   */s/ Paul J. Hooten*
      Paul J. Hooten, Esquire
      PAUL J. HOOTEN & ASSOCIATES
      5505 Nesconset Highway
      Suite 203
      Mt. Sinai, NY 11766
      Telephone: (631) 331-0547
      Facsimile: (631) 331-2627
      E-mail: pjhooten@mindspring.com
      Attorneys for Sallie Mae, Inc.